IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED ALAN CARTER, a minor, by his mother/next friend GLENNA CARTER, )<br>)<br>) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-cv-0245-MJR |
| ) | |
| GRINNELL MUTUAL REINS. CO., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM and ORDER

REAGAN, District Judge:

On March 13, 2007, Glenna Carter filed suit in the Circuit Court of Williamson County, Illinois on behalf of her son Jared (a minor), who was injured after being shot in the face with a paintball gun held by Tanner McVey (also a minor). At the time of the injury, Tanner lived with or was under the care of Linda Geise, whose home is in West Salem, Illinois (within this Judicial District). Geise had an insurance policy issued by United Mutual Insurance and Rockford Mutual Insurance. Grinnell Mutual Reinsurance had assumed all responsibilities for liability insurance claims under the policy prior to the date of the incident at issue.

Carter's state court suit alleges that the policy obligates Grinnell to defend and indemnify McVey "for his negligent acts in shooting [Jared] in the face with a paintball gun" or that the policy's language is so ambiguous that it is "impossible to determine whether Tanner McVey is an insured under the policy and, therefore, the

policy should be construed in favor of coverage" (Doc. 2-3, p. 2).  The complaint seeks a declaration of rights and responsibilities under the policy.

Served with the state court declaratory judgment complaint on March 20, 2007, Grinnell timely removed the action to this Court, invoking subject matter jurisdiction under the federal diversity statute – 28 U.S.C. § 1332.  The case now comes before the undersigned Judge for threshold review, the purpose of which is to ascertain that subject matter jurisdiction properly lies. *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986)("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005)(Ensuring the existence of subject matter jurisdiction is the court's "first duty in every lawsuit.").

As to *non*-class actions, 28 U.S.C. 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, if the action is between citizens of different states.  The party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  Accord *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

In a removed case, the amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit was removed. *Oshana,* 472 F.3d at 510-11, *citing BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002).  Once the defendant establishes the required amount in controversy, "the

plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Oshana*, 472 F.3d at 511, *citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939), and *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

"In suits seeking the equitable remedies of an injunction or a declaratory judgment, the amount in controversy is determined by the value to the plaintiff (or petitioner) of the object of the litigation." *America's MoneyLine, Inc. v. Coleman,* 360 F.3d 782, 786 (7th Cir. 2004). In the case at bar, Grinnell - who seeks this federal forum – must show that the jurisdictional prerequisites have been satisfied. Grinnell's removal notice, however, does not disclose all facts necessary for the undersigned Judge to confirm that jurisdiction lies under § 1332, and some facts are more readily known by Plaintiff's counsel.

For example, the complaint and removal notice reveal nothing regarding the extent of Jared's injuries or any other ground on which the Court can conclude that the amount in controversy in this declaratory judgment action exceeds $75,000, exclusive of interest and costs.[1]

Nor can the Court state with certainty that the parties are completely diverse. The removal notice establishes that Grinnell is an Iowa/Iowa citizen (both incorporated in and having its principal place of business in that state). As to Plaintiff's

---

[1] A copy of the policy attached to the state court complaint (Doc. 2-3, at p. 4) indicates that the policy provides personal liability coverage of $100,000 per occurrence.

citizenship, 28 U.S.C. § 1332(c)(2) states that the legal representative of the estate of the decedent "shall be deemed to be a citizen … of the same State as the decedent." The complaint does not does not disclose the citizenship of Jared Carter, and the removal notice states only that "upon information and belief," Jared is an Illinois citizen. Allegations based on information and belief generally do *not* suffice to establish the elements of diversity jurisdiction in this Circuit. *See, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073-74 (7th Cir. 1992).

To ascertain whether subject matter jurisdiction lies under the diversity statute, the Court **DIRECTS** defense counsel and Plaintiff's counsel to separately file a Jurisdictional Memorandum (no longer than 4 pages) on or before April 27, 2007. Plaintiff's counsel shall disclose the citizenship of decedent Jared Alan Carter. Both counsel shall address the amount in controversy herein. The deadline for filing these jurisdictional memoranda does not toll any other applicable deadline.

IT IS SO ORDERED.

DATED this 6th day of April 2007.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge